**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **INNOVATIVE OFFICE PRODUCTS, INC.,** | |
| **Plaintiff,** | **CIVIL ACTION NO.: 5:10-CV-04487** |
| **v.** | **JUDGE SURRICK** |
| **ALIBABA.COM, INC., AMAZON.COM, INC., EBAY INC., S. LINK INC., ZEETRON INC., GAINGAME, INC., LAPWORKS, INC., NEOTERIC SOLUTION, INC., IGEAR USA LLC, and BAFBIZ, INC. d/b/a KB COVERS,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## SECOND AMENDED COMPLAINT

This is an action for patent infringement in which Innovative Office Products, Inc. makes the following allegations against Amazon.com, Inc., Ebay, Inc., Alibaba.com, Inc., S. Link Inc., Zeetron Inc., GainGame, Inc., Lapworks, Inc., Neoteric Solution, Inc., iGear USA LLC, and BAFBIZ, Inc. d/b/a KB Covers (collectively, the "Defendants").

## PARTIES

1.      Plaintiff Innovative Office Products, Inc. ("Plaintiff IOP") is a Commonwealth of Pennsylvania corporation with its principal place of business at 100 Kuebler Road, Easton, Pennsylvania 18040.

2.      On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

3.      On information and belief, Defendant Ebay Inc. ("Ebay") is a Delaware corporation with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.

4.      On information and belief, Defendant Alibaba.com, Inc. ("Alibaba") is a Delaware corporation with its principal place of business 3945 Freedom Circle, Suite 600, Santa Clara, California 95094.

5.      On information and belief, Defendant S. Link Inc. ("S. Link") is a New York corporation with is principal place of business at 43-11 34th Street, 2nd Floor, Long Island City, New York 11101.

6.      On information and belief, Defendant Zeetron Inc. ("Zeetron") is a New York corporation with its principal place of business at 2800 Coyle Street, Apt. 202, Brooklyn, New York 11235.

7.      On information and belief, Defendant GainGame, Inc. ("GainGame") is a New York corporation with its principal place of business at 726 64th Street, Brooklyn, New York 11220.

8.      On information and belief, Defendant Neoteric Solution, Inc. ("Neoteric") is a California corporation with its principal place of business at 2110 Rheem Drive, Suite C, Pleasanton, California 94588.

9.      On information and belief, Defendant Lapworks, Inc. ("LapWorks") is a California corporation with its principal place of business at 7955 Layton Street, Rancho Cucamonga, California 91730.

10.     On information and belief, Defendant iGear USA LLC ("iGear") is a California limited liability company with its principal place of business at 20258 Paseo Robles, Walnut, California 91789.

11.     On information and belief, Defendant BAFBIZ, Inc. d/b/a KB Covers ("KB") is a California corporation with its principal place of business at 214 Main Street, #302, El Segundo, California 90245.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, Title 35 of the United States Code and the Lanham Act, Title 15 of the United States Code.  This Court has subject matter jurisdiction over Plaintiff IOP's patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and subject matter jurisdiction over Plaintiff IOP's Lanham Act claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over Plaintiff IOP's state law claims under 28 U.S.C. § 1367.

13.     On information and belief, Defendants are subject to this Court's specific and general person jurisdiction pursuant to due process and/or the Pennsylvania Long-Arm Statute, 42 Pa. C.S.A. § 5322, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals located within Pennsylvania and this Judicial District.

14.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400.

## ALLEGATIONS COMMON TO ALL COUNTS

15.     Plaintiff IOP is the owner by assignment of the entire interest in United States Patent No. D575,293 ("the '293 Patent") entitled "FOLDING STAND".  Bradley A. Derry and David VanDuzer are listed as the inventors for the '293 Patent.  The '293 Patent issued on August 19, 2008.  A true and correct copy of the '293 Patent is attached hereto as Exhibit A.

16.     Plaintiff IOP is the owner by assignment of the entire interest in United States Patent No. 7,712,719 ("the '719 Patent") entitled "FOLDING SUPPORT STAND FOR PORTABLE ELECTRONIC DEVICES".  Bradley A. Derry, Robert Altonji, and Odd N. Oddsen, Jr. are listed as the inventors for the '719 Patent.  The '719 Patent issued on May 11, 2010.  A true and correct copy of the '719 Patent is attached hereto as Exhibit B.

17.     Plaintiff IOP manufactures and sells a portable stand for electronic devices called the "Cricket®", which is a commercial embodiment of the claimed design of the '293 and '719 Patents.  A product brochure for the Cricket® portable stand is attached hereto as Exhibit C.

18.     Plaintiff IOP is the owner of U.S. Trademark Registration No. 3,755,063 for CRICKET for stands for notebook computers and tablet portable computers in International Class 009.

19.     U.S. Trademark Registration No. 3,755,063 is valid and enforceable.

20.     Plaintiff IOP has common law trademark rights in the Cricket® trademark.

21.     The product configuration of the Cricket® portable stand has acquired distinctiveness.

22.     The product configuration of the Cricket® portable stand serves as a source indicator of Plaintiff IOP to consumers and potential consumers of said product.

23.     Plaintiff IOP has common law trademark rights in the product configuration of the Cricket® portable stand (hereinafter "Cricket Product Configuration").

**COUNT I**
**DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**by Defendant Amazon**

24.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-23 as if fully set forth.

25.     On information and belief, Defendant Amazon owns, controls and/or operates the website located at URL http://www.amazon.com (hereinafter "Defendant Amazon's Website").

26.     On information and belief, Defendant Amazon has sold and/or offered for sale, on or after the issue dates of the '293 and '719 Patents and through Defendant Amazon's Website, multiple products which incorporate the claimed design of the '293 and '719 Patents.

27.     On information and belief, Defendant Amazon continues to sell and/or offer for sale the products referred to in paragraph 26.

28.     The acts referred to in paragraphs 26-27 were engaged in without authority from Plaintiff IOP.

29.     The acts referred to in paragraphs 26-27 constitute infringement of the '293 and '719 Patents.

30.     Defendant Amazon has actual notice of the '293 and '719 Patents.

31.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT II**
**INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**Active Inducement**
**by Defendant Amazon**

32.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-31 as is fully set forth.

33.     On information and belief, multiple third party vendors have sold and/or offered for sale, on or after the issue dates of the '293 and '719 Patents, multiple products which incorporate the claimed design of the '293 and '719 Patents through Defendant Amazon's Website.  A screen capture from Defendant Amazon's Website, showing an exemplary product, is attached as Exhibit D.

34.     On information and belief, Defendant Amazon fulfills orders for at least some of the products referred to in paragraph 33.

35.     On information and belief, Defendant Amazon takes physical custody of at least some of the products referred to in paragraph 33.

36.     On information and belief, U.S.-based customers of the products referred to in paragraph 33 use Defendant Amazon's on-line checkout tools to purchase the products referred to in paragraph 33.

37.     On information and belief, Defendant Amazon collects fees from the sale of the products referred to in paragraph 33.

38.     On information and belief, many of the third-party vendors referred to in paragraph 33 are foreign-based companies and/or individuals.  The services provided by Defendant Amazon greatly enhance such vendors' ability to offer for sale and sell the products referred to in paragraph 33 in the United States.

39.     Defendant Amazon has actual notice of the '293 and '719 Patents.

40.     On information and belief, Defendant Amazon knows or has reason to know that the products referred to in paragraph 33 infringe the '293 and '719 Patents.

41.     On information and belief, Defendant Amazon was willfully indifferent to infringement of the '293 and '719 Patents caused by the sale and/or offer for sale of the products referred to in paragraph 33.

42.     On information and belief, Defendant Amazon continues to engage in the actions referred to in paragraphs 33-37.

43.     The acts referred to in paragraphs 33-37 were engaged in without authority from Plaintiff IOP.

44.     Defendant Amazon has infringed and continues to infringe the '293 and '719 Patents by actively inducing the third party vendors referred to in paragraph 33 to sell, offer for sale, and/or import the products referred to in paragraph 33 in the United States.

45.     Defendant Amazon has infringed and continues to infringe the '293 and '719 Patents by actively inducing U.S.-based customers to purchase the products referred to in paragraph 33, with knowledge and/or willful indifference to the fact that said customers will use said products in the U.S. in violation of the '293 and '719 Patents.

46.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT III**
**TRADEMARK INFRINGEMENT**
**Product Configuration**
**By Defendant Amazon**

47.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-46 as is fully set forth.

48.     On information and belief, products which are confusingly similar to the Cricket Product Configuration have been advertised, sold, and/or offered for sale through Defendant Amazon's Website.  A screen capture from Defendant Amazon's Website, showing an exemplary product, is attached as Exhibit D.

49.     On information and belief, Defendant Amazon knew or had reason to know that the acts referred to in paragraph 48 infringe Plaintiff IOP's rights in the Cricket Product Configuration.

50.     The acts referred to in paragraph 48 were engaged in without authority from Plaintiff IOP.

51.     The acts referred to in paragraph 48 are likely to cause confusion as to source, sponsorship, or association of the products referred to in paragraph 48.

52.     The acts referred to in paragraph 48 constitute direct and contributory trademark infringement under Section 43(a) of the Lanham Act.

53.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**Count IV**
**TRADEMARK INFRINGEMENT**
**Cricket® Trademark**
**By Defendant Amazon**

54.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-53 as if fully set forth.

55.     On information and belief, the term "Cricket" has been used in product listings on Defendant Amazon's Website, through which portable stands are advertised, offered for sale, and/or sold (hereinafter "Amazon Accused Listings").  Screen captures from Defendant Amazon's Website, showing an example of the Amazon Accused Listings are attached as Exhibit N.

56.     The portable stands offered for sale in the Amazon Accused Listings are virtually identical to the portable stands sold by Plaintiff IOP under the Cricket® mark.

57.     The acts referred to in paragraph 55 are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, or approval of the portable stands offered for sale in the Amazon Accused Listings.

58.     The acts referred to in paragraph 55 constitute infringement of U.S. Trademark Registration No. 3,755,063 by the seller for each of the Amazon Accused Listings.

59.     The acts referred to in paragraph 55 constitute infringement of Plaintiff IOP's common law rights in the mark "Cricket" by the seller for each of the Amazon Accused Listings.

60.     On information and belief, Defendant Amazon continues to allow Amazon Accused Listings to be listed on Defendant Amazon's Website after Defendant Amazon knew or had reason to know of the infringement referred to in paragraphs 55 through 59.

61.     On information and belief, Defendant Amazon derives revenue from the sale of each product listed in the Amazon Accused Listings.

62.     On information and belief, Defendant Amazon derives revenue from each payment transaction for the sale of each product listed in the Amazon Accused Listings that is processed through Amazon's checkout system.

63.     Defendant Amazon provides links to other Amazon listings on the web pages on which the Amazon Accused Listings appear.

64.     On information and belief, users of Defendant Amazon's Website who perform searches for the term "Cricket Laptop Stand" are presented with search results which include "Sponsored Links" from which Defendant Amazon derives revenue if a user clicks through to a Sponsored Link or purchases a product after clicking through to a Sponsored Link.

65.     Defendant Amazon's conduct, including without limitation the conduct referred to in paragraphs 60 through 64, constitutes use in commerce of the term "Cricket" in commercial advertising under 15 U.S.C. §1125.

66.     Defendant Amazon's conduct, including without limitation the conduct referred to in paragraphs 60 through 64, constitutes use in commerce of Plaintiff IOP's registered mark in connection with the sale, offering for sale, distribution, or advertising of goods and/or services under 15 U.S.C. §1114.

67.     Defendant Amazon's conduct, including without limitation the conduct referred to in paragraphs 60 through 64, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, or approval of the portable stands offered for sale in the Amazon Accused Listings.

68.     Defendant Amazon's conduct, including without limitation the conduct referred to in paragraphs 60 through 64, constitutes infringement of Plaintiff IOP's rights in the "Cricket" mark under 15 U.S.C. §1114 and 15 U.S.C. §1125.

69.     Defendant Amazon's conduct, including without limitation the conduct referred to in paragraphs 60 through 64, constitute contributory infringement of Plaintiff IOP's rights in the "Cricket" mark under 15 U.S.C. §1114 and 15 U.S.C. §1125.

70.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## Count V
## INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
### Active Inducement
### by Defendant Ebay

71.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-70 as is fully set forth.

72.     On information and belief, Defendant Ebay owns, controls, and/or operates the website located at URL http://www.ebay.com (hereinafter "Defendant Ebay's Website").

73.     On information and belief, multiple third party vendors have sold and/or offered for sale, on or after the issue dates of the '293 and '719 Patents, multiple products which incorporate the claimed design of the '293 and '719 Patents through Defendant Ebay's Website. A screen capture from Defendant Ebay's Website, showing an exemplary product is attached as Exhibit E.

74.     On information and belief, U.S.-based customers of the products referred to in paragraph 73 use Ebay's on-line checkout tools to purchase the products referred to in paragraph 73.

75.     On information and belief, Defendant Ebay collects fees from the sale of the products referred to in paragraph 73.

76.     On information and belief, Defendant Ebay collects fees from the use of Ebay's on-line checkout tools.

77.     On information and belief, Defendant Ebay directs users who view an auction for one of the products referred to in paragraph 73 to other auctions, including auctions for others of the products referred to in paragraph 73.

78.     On information and belief, many of the third-party vendors referred to in paragraph 73 are foreign-based companies and/or individuals.  The services provided by Defendant Ebay greatly enhance such vendors' ability to offer for sale and sell the products referred to in paragraph 73 in the United States.

79.     Defendant Ebay has actual notice of the '293 and '719 Patents.

80. On information and belief, Defendant Ebay knew or had reason to know that the products referred to in paragraph 73 infringe the '293 and '719 Patents.

81. On information and belief, Defendant Ebay was willfully indifferent as to whether the products referred to in paragraph 73 infringe the '293 and '719 Patents.

82. On information and belief, after being notified by Plaintiff IOP of its claims that the products referred to in paragraph 73 infringe the '293 and '719 Patents, Defendant Ebay took no action whatsoever to evaluate Plaintiff IOP's claims.

83. On information and belief, Defendant Ebay continues to engage in the actions referred to in paragraphs 73-77.

84. The acts referred to in paragraphs 73-77 were engaged in without authority from Plaintiff IOP.

85. Defendant Ebay has infringed and continues to infringe the '293 and '719 Patents by actively inducing the third party vendors referred to in paragraph 73 to sell, offer for sale, and/or import the products referred to in paragraph 73 in the United States.

86. Defendant Ebay has infringed and continues to infringe the '293 and '719 Patents by actively inducing U.S.-based customers to purchase the products referred to in paragraph 73, with willful indifference to the fact that said customers will use said products in the U.S. in violation of the '293 and '719 Patents.

87. Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT VI
## TRADEMARK INFRINGEMENT
### Product Configuration
### By Defendant Ebay

88. Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-87 as is fully set forth.

89.     On information and belief, products which are confusingly similar to the Cricket Product Configuration were advertised, sold and/or offered for sale through Defendant Ebay's Website.  A screen capture from Defendant Ebay's Website, showing an exemplary product is attached as Exhibit E.

90.     On information and belief, Defendant Ebay knew or had reason to know that the acts referred to in paragraph 89 infringe Plaintiff IOP's rights in the Cricket Product Configuration.

91.     The acts referred to in paragraph 89 were engaged in without authority from Plaintiff IOP.

92.     The acts referred to in paragraph 89 are likely to cause confusion as to source, sponsorship, or association of the products referred to in paragraph 89.

93.     The acts referred to in paragraph 89 constitute direct and/or contributory trademark infringement under Section 43(a) of the Lanham Act.

94.     Plaintiff IOP has been damaged by the acts of infringement complained of in this Count.

**Count VII**
**TRADEMARK INFRINGEMENT**
**Cricket® Trademark**
**By Defendant Ebay**

95.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-94 as if fully set forth.

96.     On information and belief, the term "Cricket" has been used in auction listings on Defendant Ebay's Website, through which portable stands are advertised, offered for sale, and/or sold (hereinafter "Ebay Accused Listings").  Screen captures from Defendant Ebay's Website showing an example of the Ebay Accused Listings are attached as Exhibit O.

97.     The portable stands offered for sale in the Ebay Accused Listings are virtually identical to the portable stands sold by Plaintiff IOP under the Cricket® mark.

98.     The acts referred to in paragraphs 96 are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, or approval of the portable stands offered for sale in the Ebay Accused Listings.

99.     The acts referred to in paragraphs 96 constitute infringement of U.S. Trademark Registration No. 3,755,063 by the seller for each of the Ebay Accused Listings.

100.     The acts referred to in paragraph 96 constitute infringement of Plaintiff IOP's common law rights in the mark "Cricket" by the seller for each of the Ebay Accused Listings.

101.     On information and belief, Defendant Ebay continues to allow Ebay Accused Listings to be listed on Defendant Ebay's Website after Defendant Ebay knew or had reason to know of the infringement referred to in paragraphs 97 through 99.

102.     On information and belief, Defendant Ebay derives revenue from the listing of each of the Ebay Accused Listings.

103.     On information and belief, Defendant Ebay derives revenue from the sale of each product listed in the Ebay Accused Listings.

104.     On information and belief, Defendant Ebay derives revenue from each payment transaction for the sale of each product listed in the Ebay Accused Listings that is processed through PayPal.

105.     Defendant Ebay provides links to other Ebay listings on the web pages on which the Ebay Accused Listings appear, including listings for other unlicensed copies of Plaintiff IOP's Cricket® portable stand.

106.     On information and belief, users of Defendant Ebay's Website who perform searches for the term "Cricket" in the Ebay category "Laptop Mounts, Auto Mounts" are presented with search results which include "Sponsored Links" from which Defendant Ebay derives revenue if a user clicks through to a Sponsored Link or purchases a product after clicking through to a Sponsored Link.

107.     On information and belief, users of Defendant Ebay's Website who perform searches for the term "Cricket" in the Ebay category "Laptop Mounts, Auto Mounts" are presented with search results which include at least one banner advertisement from which Defendant Ebay derives revenue if a user clicks through to the banner advertisement.

108.     Defendant Ebay's conduct, including without limitation the conduct referred to in paragraphs 101 through 107, constitute use in commerce of the term "Cricket" in commercial advertising under 15 U.S.C. §1125.

109.     Defendant Ebay's conduct, including without limitation the conduct referred to in paragraphs 101 through 107, constitute use in commerce of Plaintiff IOP's registered mark in connection with the sale, offering for sale, distribution, or advertising of goods and/or services under 15 U.S.C. §1114.

110.     Defendant Ebay's conduct, including without limitation the conduct referred to in paragraphs 101 through 107 is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, or approval of the portable stands offered for sale in the Ebay Accused Listings.

111.     Defendant Ebay's conduct, including without limitation the conduct referred to in paragraphs 101 through 107, constitutes infringement of Plaintiff IOP's rights in the "Cricket" mark under 15 U.S.C. §1114 and 15 U.S.C. §1125.

112.     Defendant Ebay's conduct, including without limitation the conduct referred to in paragraphs 101 through 107, constitutes contributory infringement of Plaintiff IOP's rights in the "Cricket" mark under 15 U.S.C. §1114 and 15 U.S.C. §1125.

113.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**Count VIII**
**INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**Active Inducement**
**by Defendant Alibaba**

114.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-113 as is fully set forth.

115.     On information and belief, Defendant Alibaba owns, controls, and/or operates the website located at URL http://www.alibaba.com (hereinafter "Defendant Alibaba's Website").

116.     On information and belief, multiple third party vendors have sold and/or offered for sale, on or after the issue dates of the '293 and '719 Patents, multiple products which incorporate the claimed design of the '293 and '719 Patents through Defendant Alibaba's Website.  Screen captures from Defendant Alibaba's Website showing thumbnails of exemplary products are attached as Exhibit F.

117.     On information and belief, Defendant Alibaba collects fees from the sale of the products referred to in paragraph 116.

118.     On information and belief, many of the third-party vendors referred to in paragraph 116 are foreign-based companies and/or individuals.  The services provided by Defendant Alibaba greatly enhance such vendors' ability to offer for sale and sell the products referred to in paragraph 116 in the United States.

119.     Defendant Alibaba has actual notice of the '293 and '719 Patents.

120.     On information and belief, Defendant Alibaba knew or had reason to know that the products referred to in paragraph 116 infringe the '293 and '719 Patents.

121.     On information and belief, Defendant Alibaba was willfully indifferent as to whether the products referred to in paragraph 116 infringe the '293 and '719 Patents.

122.     On information and belief, Defendant Alibaba continues to engage in the actions referred to in paragraphs 116 through 121.

123.     The acts referred to in paragraphs 116 through 121 were engaged in without authority from Plaintiff IOP.

124.     Defendant Alibaba has infringed and continues to infringe the '293 and '719 Patents by actively inducing the third party vendors referred to in paragraph 116 to sell, offer for sale, and/or import the products referred to in paragraph 116 in the United States.

125.     Defendant Alibaba has infringed and continues to infringe the '293 and '719 Patents by actively inducing U.S.-based customers to purchase the products referred to in paragraph 116, with willful indifference to the fact that said customers will use said products in the U.S. in violation of the '293 and '719 Patents.

126.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT IX**
**TRADEMARK INFRINGEMENT**
**Product Configuration**
**By Defendant Alibaba**

127.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 126 as is fully set forth.

128.     On information and belief, Defendant Alibaba has sold and/or offered for sale multiple products which incorporate the Cricket Product Configuration.  These products have been sold and/or offered for sale through Defendant Alibaba's Website.  Screen captures from

Defendant Alibaba's Website showing thumbnails of exemplary products are attached as Exhibit F.

129.     On information and belief, Defendant Alibaba knew or had reason to know that the acts referred to in paragraph 128 infringe Plaintiff IOP's rights in the Cricket Product Configuration.

130.     The acts referred to in paragraph 128 were engaged in without authority from Plaintiff IOP.

131.     The acts referred to in paragraph 128 mislead consumers into the mistaken impression that the products referred to in paragraph 128 derive from Plaintiff IOP.

132.     The acts referred to in paragraph 128 constitute direct and contributory trademark infringement under Section 43(a) of the Lanham Act.

133.     Plaintiff IOP has been damaged by the infringing acts alleged in this Count.

**COUNT X**
**TRADEMARK INFRINGEMENT**
**Cricket® Trademark**
**By Defendant Alibaba**

134.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-133 as if fully set forth.

135.     On information and belief, the term "Cricket" has been used in product listings on Defendant Alibaba's Website, through which portable stands are advertised, offered for sale, and/or sold (hereinafter "Alibaba Accused Listings").  Screen captures from Defendant Alibaba's Website showing an example of the Alibaba Accused Listings are attached as Exhibit P.

136.     The portable stands offered for sale in the Alibaba Accused Listings are virtually identical to the portable stands sold by Plaintiff IOP under the Cricket® mark.

137.    The acts referred to in paragraph 131 are likely to cause likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, or approval of the portable stands offered for sale in the Alibaba Accused Listings.

138.    The acts referred to in paragraph 131 constitute infringement of U.S. Trademark Registration No. 3,755,063 by the seller for each of the Alibaba Accused Listings.

139.    The acts referred to in paragraph 131 constitute infringement of Plaintiff IOP's common law rights in the mark "Cricket" by the seller for each of the Alibaba Accused Listings.

140.    On information and belief, Defendant Alibaba continues to allow Alibaba Accused Listings to be listed on Defendant Alibaba's Website after Defendant Alibaba knew or had reason to know of the infringement referred to in paragraphs 135 through 139.

141.    On information and belief, Defendant Alibaba derives revenue from the listing of at least some of the Alibaba Accused Listings.

142.    On information and belief, Defendant Alibaba derives revenue from the sale of at least some of the products sold through the Alibaba Accused Listings.

143.    Defendant Alibaba's conduct, including without limitation the conduct referred to in paragraphs 135 through 142, constitute use in commerce of the term "Cricket" in commercial advertising under 15 U.S.C. §1125.

144.    Defendant Alibaba's conduct, including without limitation the conduct referred to in paragraphs 135 through 142, constitute use in commerce of Plaintiff IOP's registered mark in connection with the sale, offering for sale, distribution, or advertising of goods and/or services under 15 U.S.C. §1114.

145.    Defendant Alibaba's conduct, including without limitation the conduct referred to in paragraphs 135 through 142, is likely to cause confusion, or to cause mistake, or to deceive as

to the affiliation, connection, or association as to the origin, sponsorship, or approval of the portable stands offered for sale in the Alibaba Accused Listings.

146.     Defendant Alibaba's conduct, including without limitation the conduct referred to in paragraphs 135 through 142, constitutes infringement of Plaintiff IOP's rights in the "Cricket" mark under 15 U.S.C. §1114 and 15 U.S.C. §1125.

147.     Defendant Alibaba's conduct, including without limitation the conduct referred to in paragraphs 135 through 142, constitutes contributory infringement of Plaintiff IOP's rights in the "Cricket" mark under 15 U.S.C. §1114 and 15 U.S.C. §1125.

148.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XI
## DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## by Defendant S. Link

149.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-148 as if fully set forth.

150.     On information and belief, Defendant S. Link owns, controls and/or operates the website located at URL http://www.minisuit.com.

151.     On information and belief, Defendant S. Link has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products which incorporate the claimed design of the '293 and '719 Patents.  These products are being offered for sale and/or sold under the name "Bear Motion (TM) Kickstand Stand Adjustable Handheld Electronics Holder for Apple Ipad, Iphone and other laptop computer below 12"".  Screen captures from www.amazon.com showing said product are attached as Exhibit G.

152.     On information and belief, Defendant S. Link continues to sell, offer for sale, and/or import into the United States the products referred to in paragraph 151.

153.    The acts referred to in paragraphs 151 and 152 were engaged in without authority from Plaintiff IOP.

154.    Each of the acts referred to in paragraphs 151 and 152 constitute infringement of the '293 and '719 Patents.

155.    On information and belief, during at least a portion of the period of time that Defendant S. Link engaged in the acts referred to in paragraphs 151 and 152, Defendant S. Link had actual knowledge of the '293 and '719 Patents.

156.    On information and belief, during at least a portion of the period of time that Defendant S. Link engaged in the acts referred to in paragraphs 151 and 152, Defendant S. Link knew or should have known that its acts constituted infringement of the '293 and '719 Patents.

157.    On information and belief, Defendant S. Link's infringement of the '293 and '719 Patents is willful.

158.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT XII**
**INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**ACTIVE INDUCEMENT**
**by Defendant S. Link**

159.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 158 as if fully set forth.

160.    On information and belief, Defendant S. Link, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 151 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

161.    On information and belief, Defendant S. Link continues to engage in the acts referred to in paragraph 160.

162.    Defendant S. Link's acts, as set forth in paragraphs 160 and 161, were engaged in without authority from Plaintiff IOP.

163.    The acts referred to in paragraphs 160 and 161 constitute infringement of the '293 and '719 Patents by Defendant S. Link by active inducement.

164.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

<u>**COUNT XIII**</u>
<u>**DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**</u>
<u>**by Defendant Zeetron**</u>

165.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-164 as if fully set forth.

166.    On information and belief, Defendant Zeetron owns, controls and/or operates the website located at URL http://www.zeetron.com.

167.    On information and belief, Defendant Zeetron has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products which incorporate the claimed design of the '293 and '719 Patents.  These products are being offered for sale and/or sold under the name "Foldable Stand/Holder/Cradle for iPad Macbook Laptop Notebook Tablet PC".  A screen capture from www.amazon.com showing said product is attached as <u>Exhibit H</u>.

168.    On information and belief, Defendant Zeetron continues to sell, offer for sale, and/or import into the United States the products referred to in paragraph 167.

169.    The acts referred to in paragraphs 167 and 168 were engaged in without authority from Plaintiff IOP.

170.    Each of the acts referred to in paragraphs 167 and 168 constitute infringement of the '293 and '719 Patents.

171.    On information and belief, during at least a portion of the period of time that Defendant Zeetron engaged in the acts referred to in paragraphs 167 and 168, Defendant Zeetron had actual knowledge of the '293 and '719 Patents.

172.    On information and belief, during at least a portion of the period of time that Defendant Zeetron engaged in the acts referred to in paragraphs 167 and 168, Defendant Zeetron knew or should have known that its acts constituted infringement of the '293 and '719 Patents.

173.    On information and belief, Defendant Zeetron's infringement of the '293 and '719 Patents is willful.

174.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XIV
## INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## ACTIVE INDUCEMENT
## by Defendant Zeetron

175.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 174 as if fully set forth.

176.    On information and belief, Defendant Zeetron, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 167 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

177.    On information and belief, Defendant Zeetron continues to engage in the acts referred to in paragraph 176.

178.    Defendant Zeetron's acts, as set forth in paragraphs 176 and 177, were engaged in without authority from Plaintiff IOP.

179.    The acts referred to in paragraphs 176 and 177 constitute infringement of the '293 and '719 Patents by Defendant Zeetron by active inducement.

180.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT XV**
**DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**by Defendant GainGame**

181.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-180 as if fully set forth.

182.    On information and belief, Defendant GainGame owns, controls and/or operates the websites located at URLs http://www.etech.com, http://www.gadgettown.com, and http://www.yallstore.com.

183.    On information and belief, Defendant GainGame has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products which incorporate the claimed design of the '293 and '719 Patents.  These products are being offered for sale and/or sold under the names "Folding Holder Stand For Apple iPad Mac Netbook Laptop" and "New Portable Folding Stand Mount Holder For iPad Laptop".  Screen captures from www.ebay.com showing said products are attached as Exhibit I.

184.    On information and belief, Defendant GainGame continues to sell, offer for sale, and/or import into the United States the products referred to in paragraph 183.

185.    The acts referred to in paragraphs 183 and 184 were engaged in without authority from Plaintiff IOP.

186.    Each of the acts referred to in paragraphs 183 and 184 constitute infringement of the '293 and '719 Patents.

187.    On information and belief, during at least a portion of the period of time that Defendant GainGame engaged in the acts referred to in paragraphs 183 and 184, Defendant GainGame had actual knowledge of the '293 and '719 Patents.

188.     On information and belief, during at least a portion of the period of time that Defendant GainGame engaged in the acts referred to in paragraphs 183 and 184, Defendant GainGame knew or should have known that its acts constituted infringement of the '293 and '719 Patents.

189.     On information and belief, Defendant GainGame's infringement of the '293 and '719 Patents is willful.

190.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT XVI**
**INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**ACTIVE INDUCEMENT**
**by Defendant GainGame**

191.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 190 as if fully set forth.

192.     On information and belief, Defendant GainGame, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 183 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

193.     On information and belief, Defendant GainGame continues to engage in the acts referred to in paragraph 192.

194.     Defendant GainGame's acts, as set forth in paragraphs 192 and 193, were engaged in without authority from Plaintiff IOP.

195.     The acts referred to in paragraphs 192 and 193 constitute infringement of the '293 and '719 Patents by Defendant GainGame by active inducement.

196.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XVII
## DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## by Defendant LapWorks

197.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-196 as if fully set forth.

198.    On information and belief, Defendant LapWorks owns, controls and/or operates the website located at URL http://www.laptopdesk.net.

199.    On information and belief, Defendant LapWorks has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products which incorporate the claimed design of the '293 and '719 Patents.  These products are being offered for sale and/or sold under the name "IPAD TRIPAD STAND" (LapWorks Item No. IPAD-TRIPAD-STND).  A screen capture from www.laptopdesk.net showing said products is attached as Exhibit J.

200.    On information and belief, Defendant LapWorks continues to sell, offer for sale, and/or import into the United States the products referred to in paragraph 199.

201.    The acts referred to in paragraphs 199 and 200 were engaged in without authority from Plaintiff IOP.

202.    Each of the acts referred to in paragraphs 199 and 200 constitute infringement of the '293 and '719 Patents.

203.    On information and belief, during at least a portion of the period of time that Defendant LapWorks engaged in the acts referred to in paragraphs 199 and 200, Defendant LapWorks had actual knowledge of the '293 and '719 Patents.

204.    On information and belief, during at least a portion of the period of time that Defendant LapWorks engaged in the acts referred to in paragraphs 199 and 200, Defendant

LapWorks knew or should have known that its acts constituted infringement of the '293 and '719 Patents.

205.    On information and belief, Defendant LapWorks's infringement of the '293 and '719 Patents is willful.

206.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XVIII
## INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## ACTIVE INDUCEMENT
## by Defendant LapWorks

207.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 206 as if fully set forth.

208.    On information and belief, Defendant LapWorks, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 199 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

209.    On information and belief, Defendant LapWorks continues to engage in the acts referred to in paragraph 208.

210.    Defendant LapWorks's acts, as set forth in paragraphs 208 and 209, were engaged in without authority from Plaintiff IOP.

211.    The acts referred to in paragraphs 208 and 209 constitute infringement of the '293 and '719 Patents by Defendant LapWorks by active inducement.

212.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XIX
## DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## by Defendant Neoteric

213.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-212 as if fully set forth.

214.    On information and belief, Defendant Neoteric owns, controls and/or operates the website located at URL http://www.wowparts.com.

215.    On information and belief, Defendant Neoteric has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products which incorporate the claimed design of the '293 and '719 Patents.  These products are being offered for sale and/or sold under the name "Mobile Folding Laptop Notebook PC Stand Holder For iPad".  A screen capture from www.ebay.com showing said products is attached as Exhibit K.

216.    On information and belief, Defendant Neoteric continues to sell, offer for sale, and/or import into the United States the products referred to in paragraph 215.

217.    The acts referred to in paragraphs 215 and 216 were engaged in without authority from Plaintiff IOP.

218.    Each of the acts referred to in paragraphs 215 and 216 constitute infringement of the '293 and '719 Patents.

219.    On information and belief, during at least a portion of the period of time that Defendant Neoteric engaged in the acts referred to in paragraphs 215 and 216, Defendant Neoteric had actual knowledge of the '293 and '719 Patents.

220.    On information and belief, during at least a portion of the period of time that Defendant Neoteric engaged in the acts referred to in paragraphs 215 and 216, Defendant Neoteric knew or should have known that its acts constituted infringement of the '293 and '719 Patents.

221.    On information and belief, Defendant Neoteric's infringement of the '293 and '719 Patents is willful.

222.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT XX**
**INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**ACTIVE INDUCEMENT**
**by Defendant Neoteric**

223.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 222 as if fully set forth.

224.    On information and belief, Defendant Neoteric, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 215 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

225.    On information and belief, Defendant Neoteric continues to engage in the acts referred to in paragraph 224.

226.    Defendant Neoteric's acts, as set forth in paragraphs 224 and 225, were engaged in without authority from Plaintiff IOP.

227.    The acts referred to in paragraphs 224 and 225 constitute infringement of the '293 and '719 Patents by Defendant Neoteric by active inducement.

228.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT XXI**
**DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**by Defendant iGear**

229.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-228 as if fully set forth.

230.     On information and belief, Defendant iGear owns, controls and/or operates the website located at URL http://www.igearusa.com.

231.     On information and belief, Defendant iGear has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products which incorporate the claimed design of the '293 and '719 Patents.  These products are being offered for sale and/or sold under the name "Metallic Adjustable iPad Stand for Apple iPad (Black)" (Item No. IPAD-009-BLACK).  A screen capture from www.igearusa.com showing said products is attached as <u>Exhibit L</u>.

232.     On information and belief, Defendant iGear continues to sell, offer for sale, and/or import into the United States the products referred to in paragraph 231.

233.     The acts referred to in paragraphs 231 and 232 were engaged in without authority from Plaintiff IOP.

234.     Each of the acts referred to in paragraphs 231 and 232 constitute infringement of the '293 and '719 Patents.

235.     On information and belief, during at least a portion of the period of time that Defendant iGear engaged in the acts referred to in paragraphs 231 and 232, Defendant iGear had actual knowledge of the '293 and '719 Patents.

236.     On information and belief, during at least a portion of the period of time that Defendant iGear engaged in the acts referred to in paragraphs 231 and 232, Defendant iGear knew or should have known that its acts constituted infringement of the '293 and '719 Patents.

237.     On information and belief, Defendant iGear's infringement of the '293 and '719 Patents is willful.

238.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XXII
## INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## ACTIVE INDUCEMENT
## by Defendant iGear

239.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 238 as if fully set forth.

240.    On information and belief, Defendant iGear, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 231 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

241.    On information and belief, Defendant iGear continues to engage in the acts referred to in paragraph 240.

242.    Defendant iGear's acts, as set forth in paragraphs 240 and 241, were engaged in without authority from Plaintiff IOP.

243.    The acts referred to in paragraphs 240 and 241 constitute infringement of the '293 and '719 Patents by Defendant iGear by active inducement.

244.    Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## COUNT XXIII
## DIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS
## by Defendant KB

245.    Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1-244 as if fully set forth.

246.    On information and belief, Defendant KB owns, controls and/or operates the website located at URL http://www.kbcovers.com.

247.    On information and belief, Defendant KB has sold, offered for sale, and/or imported into the United States on or after the issue dates of the '293 and '719 Patents, products

which incorporate the claimed design of the '293 and '719 Patents.  These products are being

offered for sale and/or sold under the names "KB Stand for iPad and Notebooks – Black" (Item

No. KB-STAND-BLACK) and "KB Stand for iPad and Notebooks – White" (Item No. KB-

STAND-WHITE).  Screen captures from www.kbcovers.com showing said products are attached

as Exhibit M.

248.     On information and belief, Defendant KB continues to sell, offer for sale, and/or

import into the United States the products referred to in paragraph 247.

249.     The acts referred to in paragraphs 247 and 248 were engaged in without authority

from Plaintiff IOP.

250.     Each of the acts referred to in paragraphs 247 and 248 constitute infringement of

the '293 and '719 Patents.

251.     On information and belief, during at least a portion of the period of time that

Defendant KB engaged in the acts referred to in paragraphs 247 and 248, Defendant KB had

actual knowledge of the '293 and '719 Patents.

252.     On information and belief, during at least a portion of the period of time that

Defendant KB engaged in the acts referred to in paragraphs 247 and 248, Defendant KB knew or

should have known that its acts constituted infringement of the '293 and '719 Patents.

253.     On information and belief, Defendant KB's infringement of the '293 and '719

Patents is willful.

254.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

**COUNT XXIV**
**INDIRECT INFRINGEMENT OF THE '293 AND '719 PATENTS**
**ACTIVE INDUCEMENT**
**by Defendant KB**

255.     Plaintiff IOP incorporates by reference the allegations stated in paragraphs 1 through 254 as if fully set forth.

256.     On information and belief, Defendant KB, on or after the issue dates of the '293 and '719 Patents, sold and/or offered for sale the products referred to in paragraph 247 to customers located in the United States knowing that the customers would use said products within the United States in violation of 35 U.S.C. § 271(a).

257.     On information and belief, Defendant KB continues to engage in the acts referred to in paragraph 256.

258.     Defendant KB's acts, as set forth in paragraphs 256 and 257, were engaged in without authority from Plaintiff IOP.

259.     The acts referred to in paragraphs 256 and 257 constitute infringement of the '293 and '719 Patents by Defendant KB by active inducement.

260.     Plaintiff IOP has been damaged by the acts of infringement alleged in this Count.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IOP respectfully prays as follows:

(a)     That it be decreed that U.S. Trademark Registration No. 3,755,063 is valid and enforceable;

(b)     That it be decreed that Plaintiff IOP has common law trademark rights in the Cricket® trademark;

(c)     That it be decreed that the product configuration of the Cricket® portable stand has acquired distinctiveness;

(d)     That it be decreed that the product configuration of the Cricket® portable stand serves as a source indicator of Plaintiff IOP to consumers and potential consumers of said product;

(e)     That it be decreed that Plaintiff IOP has common law trademark rights in the product configuration of the Cricket® portable stand;

(f)     That it be decreed that each of the Defendants Amazon, Ebay, and Alibaba has infringed Plaintiff IOP's rights in U.S. Trademark Registration No. 3,755,063 under 15 U.S.C. §1114 and 15 U.S.C. §1125;

(g)     That it be decreed that each of the Defendants Amazon, Ebay, and Alibaba has infringed Plaintiff IOP's common law rights in the "Cricket" mark under Pennsylvania law;

(h)     That it be decreed that each of the Defendants Amazon, Ebay, and Alibaba has infringed Plaintiff IOP's rights in the product configuration of the Cricket® portable stand under Section 43(a) of the Lanham Act;

(i)     That it be decreed that each of the Defendants Amazon, Ebay, and Alibaba has infringed Plaintiff IOP's common law rights in the product configuration of the Cricket® portable stand under Pennsylvania law;

(j)     That a permanent injunction be issued against each of the Defendants Amazon, Ebay, and Alibaba enjoining them from future acts of infringement relating to the Cricket mark or the product configuration of IOP's Cricket portable stand;

(k)     An award of damages against each of the Defendants Amazon, Ebay, and Alibaba in an amount to be determined, including up to three times the actual damages found or assessed by the Court pursuant to 15 U.S.C. § 1117(a), and that interest be paid by each of said Defendants from the date of its initial act of infringement;

(l)     An award to IOP to recover the costs of suit pursuant to 15 U.S.C. § 1117(a);

(m)     A determination that this case is an exceptional one pursuant to 15 U.S.C. § 1117(a);

(n)     An award of reasonable attorney's fees to IOP pursuant to 15 U.S.C. § 1117(a);

(o)     That it be decreed that each of the Defendants has infringed the '293 Patent;

(p)     That it be decreed that the '293 Patent is valid and enforceable;

(q)     That it is decreed that each of the Defendants has infringed the '719 Patent;

(r)     That it be decreed that the '719 Patent is valid and enforceable;

(s)     That each of the Defendants be ordered to account for and pay damages adequate to compensate Plaintiff IOP for its damages caused by the infringement by Defendants of the patents in suit;

(t)     That said damages be increased, pursuant to 35 U.S.C § 284, by up to three times the actual damages found or assessed by the Court, and that interest be paid by each of the Defendants from the date of its initial infringement;

(u)     That Plaintiff IOP be awarded its attorneys fees, pursuant to 35 U.S.C. § 285, and an assessment of interest, costs, and expenses for this suit;

(v)     That a permanent injunction be issued enjoining each of the Defendants from future acts of infringement of the patents in suit; and

(w)     That Plaintiff IOP be granted such other and additional relief as may be deemed proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Innovative Office Products, Inc., under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**DESIGN IP**

_____
Damon A. Neagle
Design IP, P.C.
Commerce Corporate Center
5100 W. Tilghman Street, Suite 205
Allentown, PA 18104
Telephone: (610) 395-4900
Facsimile: (610) 680-3312
E-mail: damonneagle@designip.com

ATTORNEYS FOR INNOVATIVE OFFICE
PRODUCTS, INC.

Dated: November 8, 2010