IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INNOVATIVE OFFICE PRODUCTS, INC. :
                                   :          CIVIL ACTION
                v.                 :
                                   :          NO. 10-4487
AMAZON.COM, INC., ET AL.           :

SURRICK, J.                                        APRIL  26  , 2012

### MEMORANDUM

Presently before the Court is Plaintiff Innovative Office Products, Inc.'s Motion for Entry of Default Final Judgment.  (ECF No. 40.)  For the following reasons, Plaintiff's Motion will be granted.

I.      BACKGROUND

        A.      Nature of Action and Procedural History

Plaintiff brought this patent infringement action against Defendants Amazon.com, Inc., eBay Inc., Alibaba.com, Inc., S. Link Inc., Zeetron Inc. ("Zeetron"), GainGame, Inc., Lapworks, Inc., Neoteric Solution, Inc., iGear USA LLC, and Bafbiz, Inc. (doing business as KB Covers), pursuant to the United States Patent Act, 35 U.S.C. §§ 1, *et seq.*[1]

Plaintiff is a Pennsylvania corporation with its principal place of business located at 100 Kuebler Road, Easton, Pennsylvania 18040.  (Second Am. Compl. ¶ 1.)  It manufactures and sells a portable stand for electronic devices under the trademark CRICKET®.  (*Id.* at ¶ 17.)  Plaintiff alleges that this portable stand is protected by two patents, (1) United States Patent No.

---

[1] Plaintiff also alleged counts for trademark infringement against several of the Defendants.  (*See, e.g.*, Second Am. Compl. ¶¶ 47-70, 88-113, 127-148, ECF No. 6.)  However, this Motion, which is directed against Zeetron, concerns patent infringement claims only.  (*See id.* at ¶¶ 165-180 (stating counts for direct and indirect patent infringement against Zeetron).)

D575,293 ("the '293 Patent"), and (2) United States Patent No. 7,712,719 ("the '719 Patent"). Plaintiff alleges that it owns both of these patents by assignment.  (*Id.* at ¶¶ 15-16.)[2]

On September 2, 2010, Plaintiff filed a Complaint alleging patent infringement.  (Compl., ECF No. 1.)  Plaintiff subsequently filed a First Amended Complaint on September 17, 2010, in which Plaintiff added iGear USA LLC and Bafbiz, Inc. as defendants.  (First Am. Compl., ECF No. 3.)  On November 12, 2010, Plaintiff filed a motion for leave to file a second amended complaint.  (ECF No. 4.)  We granted this motion on November 23, 2010.  (ECF No. 5.)  The Second Amended Complaint was filed on that same day.  (Second Am. Compl.)  Thereafter, most of the Defendants were voluntarily dismissed from the action by Plaintiff.  (*See* ECF Nos. 7 (Notice of Voluntary Dismissal of Bafbiz, Inc.), 35 (Notice of Voluntary Dismissal of iGear USA LLC), 41 (Notice of Voluntary Dismissal of Lapworks, Inc.), 43-45 (Notice of Voluntary Dismissal of eBay Inc. and Order), 46-47 (Notice of Voluntary Dismissal of S. Link Inc. and Order), 48 (Notice of Voluntary Dismissal of Neoteric Solution, Inc.), 53 (Notice of Voluntary Dismissal of Alibaba.com, Inc.), 54 (Notice of Voluntary Dismissal of Amazon.com, Inc.).)[3]

B.  **Plaintiff's Allegations Against Zeetron and Zeetron's Non-Appearance in This Action**

Plaintiff alleges that Zeetron, the sole Defendant remaining in this action and the

---

[2] In addition, Plaintiff alleges that it owns United States Trademark Registration No. 3,755,063 for the trademark CRICKET® for notebook computers and tablet portable computers in International Class 9, as well as common law trademark rights in that term and in the product configuration of the portable stand.  (Second Am. Compl. ¶¶ 18-23.)

[3] Plaintiff and Defendant GainGame, Inc. entered into a consent order for judgment, in which GainGame, Inc. agreed to be permanently enjoined from making, using, selling, offering for sale or importing into the United States the allegedly infringing product, or any other product that would infringe upon the '293 or '719 Patents.  (ECF No. 8 at ¶¶ 18-19.)  The Court entered judgment on December 23, 2010.  (ECF No. 9.)

Defendant against whom this Motion is directed, is a New York corporation with its principal place of business located at 2800 Coyle Street, Apartment 202, Brooklyn, New York 11235. (Second Am. Compl. ¶ 6.)[4]  Plaintiff believes that Zeetron owns, controls and operates the website located at http://www.zeetron.com.  (Second Am. Compl. ¶ 166.)  Plaintiff alleges that Zeetron has sold and continues to sell, offer for sale and import into the United States products that incorporate the design that is covered by the '293 and '719 Patents without Plaintiff's authorization.  (*Id.* at ¶¶ 167-169.)  Plaintiff attaches as an example a screen shot from http://www.amazon.com, which shows a product called "Foldable Stand/Holder/Cradle for iPad Macbook Laptop Notebook Tablet PC," which appears to be "[s]old by Zeetron."  (*Id.* at ¶ 167 & Ex. H.)  Plaintiff alleges that these acts constitute direct infringement of the '293 and '719 Patents and that it has been damaged as a result.  (*Id.* at ¶¶ 170, 174, 180; *see also* Pl.'s Mot. ¶¶ 5-9 & Exs. A-C (asserting that Zeetron's product infringes the '293 and '719 Patents).)  In addition, Plaintiff claims that Zeetron has sold and continues to sell and offer for sale these allegedly infringing products to United States customers without Plaintiff's authorization, knowing that these customers will use the products in the United States and therefore infringe the '293 and '719 Patents.  (Second Am. Compl. ¶¶ 176-178.)  Plaintiff asserts that in so doing, Zeetron induced infringement of the '293 and '719 Patents.  (*Id.* at ¶ 179.)  Plaintiff also alleges that Zeetron had actual knowledge of the existence of the '293 and '719 Patents and knew, or

---

[4] On December 21, 2010, a copy of the Second Amended Complaint and a summons were served by a licensed process server upon Elkham Avshalimov, Officer/Agent of Zeetron, at Zeetron's principal place of business.  (Pl.'s Mot. ¶ 2, ECF No. 40; *see also* ECF No. 18.)

should have known, that its acts constituted infringement of those patents.  (*Id.* at ¶¶ 171-172.)[5]

Accordingly, Plaintiff claims that Zeetron's infringement of those patents was willful.  (Second

Am. Compl. ¶ 173.)

On January 14, 2011, Plaintiff requested an entry of default against Zeetron.  (ECF No.

28.)  Default was entered by the Clerk of Court on that same day.  On February 11, 2011,

Plaintiff filed a Motion for Entry of Default Final Judgment against Zeetron, pursuant to Federal

Rule of Civil Procedure 55(b)(2).[6]  (Pl.'s Mot.)[7]  Plaintiff seeks a permanent injunction against

---

[5] On September 20, 2010, Plaintiff delivered a cease and desist letter to Zeetron.  (Pl.'s Mot. ¶¶ 10-11 & Ex. D.)  The letter stated that Plaintiff believed that Zeetron's products being offered for sale on the Amazon.com website infringed Plaintiff's patents.  The letter invited resolution of the matter and requested that by October 1, 2010, Zeetron (1) remove all references to unauthorized CRICKET® products from its websites, (2) suspend all importation, sales and advertising of unauthorized CRICKET® products, (3) provide Plaintiff with an accounting of sales of those unauthorized products, (4) identify and provide contact information for parties that purchased those unauthorized products from Zeetron, as well as parties that fulfilled Zeetron's customer orders for those products, (5) identify and provide contact information for parties that imported and assisted with the importation of the unauthorized products, and (6) identify and provide contact information for the manufacturer of that product.  The letter requested a prompt response.  (*Id.* at Ex. D.)  It was delivered via UPS to Zeetron on September 20, 2010, at 9:59 AM.  The delivery receipt for this letter was signed by "Pacheco."  (*Id.*)

[6] Rule 55(b)(2) states that in order for a court to enter a default judgment,

the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

4

Zeetron, and its principals, officers, directors, shareholders, employees, affiliates, agents, successors and assigns, from making, using, selling or offering for sale within the United States, or importing into the United States, any product that infringes any of the claims of the '293 Patent or any of the claims of the '719 Patent.  (Pl.'s Mot. ¶¶ 13-14.)  Plaintiff's Motion was served upon Zeetron on or around February 11, 2011 by United States First Class Mail. (Certificate of Service, ECF No. 40.)

Zeetron has not answered Plaintiff's Complaint, has not entered an appearance in this matter, and has not moved to vacate the entry of default.  (*See* Dkt., *Innovative Office Prods., Inc. v. Amazon.com*, No. 10-4487 (E.D. Pa. filed Sept. 2, 2010); *see also* Pl.'s Mot. ¶¶ 3, 12 (averring that as of January 14, 2011, more than twenty-one days since service of the Second Amended Complaint and summons upon Zeetron, Zeetron had not filed an answer and that Zeetron has failed to plead or otherwise defend this action).)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court.  Fed. R. Civ. P.

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

[7] On that same date, Plaintiff also filed a request for entry of default against Neoteric Solution, Inc.  (ECF No. 27.)  Default was entered by the Clerk of Court on January 14, 2011. Plaintiff filed a motion for default judgment against Neoteric Solution, Inc. on February 11, 2011.  (ECF No. 39.)  However, on March 4, 2011, Plaintiff filed a Notice of Voluntary Dismissal with respect to Neoteric Solution, Inc.  On March 7, 2011, we dismissed Plaintiff's motion for entry of default against Neoteric Solution, Inc. as moot.  (ECF Nos. 48, 51.)

55(b)(2).  The entry of a default by the Clerk, however, does not automatically entitle the

non-defaulting party to a default judgment.  *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437

(E.D. Pa. 2006) (citing *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005); *Hritz v. Woma*

*Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).  Judgment by default is generally disfavored.

*Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008); *NuMed Rehab., Inc. v. TNS*

*Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 223-24 (E.D. Pa. 1999).  Nevertheless, the entry of

default judgment is a matter within the sound discretion of the district court.  *Hritz*, 732 F.2d at

1180.  The Third Circuit has enumerated three factors that govern a district court's determination

as to whether a default judgment should be entered:  "(1) prejudice to the plaintiff if default is

denied, (2) whether the defendant appears to have a litigable defense, and (3) whether

defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d

Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.

1984)).  If there is a default, "the factual allegations of the complaint, except those relating to

damages, will be taken as true."  *Comdyne I, Inc. v. Corbin, Jr.*, 908 F.2d 1142, 1149 (3d Cir.

1999) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 444

(2d ed. 1983)).

## III.   LEGAL ANALYSIS

### A.   Defendant's Default

An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must

precede an entry of default judgment under Rule 55(b)(2).  *Nationwide Mut. Ins. Co. v. Starlight*

*Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006).  Default against Zeetron

was properly entered by the Clerk of Court on January 14, 2011.  Despite having received a cease

and desist letter from Plaintiff on September 20, 2010, and having properly been served with the

Second Amended Complaint, Zeetron has failed to plead, or even make an appearance, in this

action.  Moreover, in compliance with the Federal Rules, Plaintiff filed with its Request for Entry

of Default an affidavit asserting the grounds for its request.  *See* Fed. R. Civ. P. 55(a) ("When a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default.").

### 1.    *Prejudice to Plaintiff If Default Is Denied*

This action has been pending for over a year and a half.  Zeetron has not entered an

appearance in this action, and has not responded to the Complaint, the First Amended Complaint

or the Second Amended Complaint.  Moreover, Zeetron has not filed a response to Plaintiff's

Motion, which was filed over a year ago.  The Clerk of Court entered default more than one year

ago.  During this time period, Plaintiff has been unable to enforce its patent rights against

Zeetron.  On this basis, we conclude that Plaintiff will suffer prejudice if the requested default

judgment, which does not seek damages, is denied.  *See Tristrata Tech., Inc. v. Med. Skin*

*Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (finding that plaintiff could not

enforce its patent rights or recover damages against defendant where action was filed over three

years ago, defendant submitted no substantive response, and default was entered over eighteen

months ago).

### 2.    *Whether Defendant Appears To Have a Litigable Defense*

Since Zeetron has not filed an answer or other responsive pleading to the Complaint, the

First Amended Complaint or the Second Amended Complaint, it is unclear whether Zeetron has

7

a litigable defense. *Tristata Tech., Inc.*, 270 F.R.D. at 164; *see also Broadcast Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that Defendants have a litigable defense as to liability").  There is nothing in this record suggesting the existence of a defense.

> 3.    *Whether Defendant's Delay Is Due to Culpable Conduct*

"Culpable conduct" refers to actions that are "taken willfully or in bad faith." *Chamberlain*, 210 F.3d at 164 (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)).  A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful.  *Broadcast Music, Inc.*, 555 F. Supp. 2d at 542.  On September 20, 2010, Plaintiff delivered a cease and desist letter to Zeetron.  The letter explicitly stated that Plaintiff believed that Zeetron's products being offered for sale on the Amazon.com website infringed Plaintiff's patents.  In the letter, Plaintiff requested a prompt response from Zeetron.  Zeetron received this letter, as evidenced by the signature for receipt of this letter by "Pacheco."  On December 21, 2010, a copy of the Second Amended Complaint and a summons were served by a licensed process server upon Elkham Avshalimov, Officer/Agent of Zeetron, at Zeetron's principal place of business.  On the one hand, Plaintiff's efforts are not as significant as the efforts of plaintiffs in other cases who have sought to reach defendants to resolve similar matters.  *See, e.g., Tristata Tech., Inc.*, 270 F.R.D. at 164 (supplying court with copies of e-mails and letters exchanged by plaintiff's counsel and defendant); *Broadcast Music, Inc.*, 555 F. Supp. 2d at 542 (averring that over the course of two years, plaintiffs attempted to contact defendants and resolve this matter by entering into a

license agreement, that such efforts entailed "no fewer than twenty-one letters and forty-eight telephone calls to defendants' place of business," that twelve of these calls involved direct communication with an officer of the defendant resort, and that these efforts elicited no response).  On the other hand, the record shows that Zeetron was aware of this dispute.  An individual at Zeetron acknowledged receipt of the September 20, 2010 cease and desist letter, which stated Plaintiff's position on patent infringement, enclosed a copy of the First Amended Complaint asserting patent infringement, and outlined a plan for resolving the dispute.  Plaintiff has not responded to this letter, and has failed to plead or otherwise respond in this action.  Zeetron's failure to participate in this action is willful and culpable.

Based on the foregoing, we conclude that entry of a default judgment against Zeetron is appropriate.

**B.    Permanent Injunction**

The Patent Act permits the Court to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  A patent holder seeking a permanent injunction must demonstrate that:  (1) it has suffered irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardship between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 393 (2006).

*1.    Irreparable Injury and Adequacy of Remedies Available at Law*

Without a trial on the merits, we cannot know if Zeetron's allegedly infringing product, in

fact, infringes the '293 Patent or the '719 Patent.  Nevertheless, "[a] consequence of the entry of

a default judgment is that the factual allegations of the complaint, except those relating to the

amount of damages, will be taken as true."  *Comdyne I*, 908 F.2d at 1149.  Thus, the allegation of

infringement in Plaintiff's Second Amended Complaint must be taken as true for the purpose of

the Motion, and the Court may issue a permanent injunction.  *See Mentor Grp., LLC v. Wu*, No.

09-874, 2010 WL 2363511, at *3 (M.D. Fla. May 19, 2010) ("By failing to answer the

Complaint, Defendant is deemed to have admitted that he deliberately and willfully infringed the

Patents."); *Extreme Tool & Eng'g, Inc. v. Bear Cub Enters., LLC*, No. 08-257, 2009 WL

2948467, at *1 (W.D. Mich. Sept. 3, 2009) (finding infringement based on the default of

defendant); *Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 657 (M.D. Pa.

2007) (issuing permanent injunction on plaintiff's motion for default judgment since, on such

motions, allegations of the complaint, except those relating to the amount of damages, must be

taken as true); *Whelan v. A. Ward Enters., Inc.*, No. 01-2874, 2002 WL 1745614, at *2 (E.D. Pa.

July 23, 2002) (finding injunctive relief appropriate where defendants failed to answer complaint

and where complaint alleged that defendants' product infringed plaintiff's patent).  Plaintiff has,

therefore, suffered an injury.

        In its September 20, 2010 letter, Plaintiff requested that Zeetron provide Plaintiff with an

accounting of sales of the allegedly infringing products.  Zeetron never responded to that letter.

Moreover, Zeetron's failure to appear in the instant proceeding has prevented Plaintiff from

discovering the full extent of damages that it could recover from Zeetron.  Zeetron's non-

response to Plaintiff's cease and desist letter, and its failure to appear in this action, have

irreparably harmed Plaintiff and demonstrate the inadequacy of a remedy at law.  *See Enpat, Inc.*

*v. Budnic*, No. 11-86, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (finding defendant's refusal to appear in proceedings to reinforce the irreparability of harm absent an injunction and the inadequacy of a remedy at law). Accordingly, these first two factors weigh in favor of granting a permanent injunction.

### 2.    Balance of Hardships

There is nothing in the record to indicate that granting the permanent injunction that Plaintiff requests would seriously damage Zeetron's business. Zeetron could continue to sell other products. *See Judkins v. HT Window Fashions Corp.*, 704 F. Supp. 2d 470, 477-78 (W.D. Pa. 2010) (finding balance of hardships factor to favor permanent injunction where there was no evidence that a permanent injunction "would have a serious effect on [defendant's] business"). Moreover, the fact that Zeetron may be a smaller company than Plaintiff, or may have less resources than Plaintiff, does not shift the balance of hardships in Zeetron's favor. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) ("A party cannot escape an injunction simply because it is smaller than the patentee or because its primary product is an infringing one."); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."). On the other hand, as discussed above, Plaintiff would suffer irreparable harm in the absence of a permanent injunction. This factor, therefore, favors entry of a permanent injunction in this case.

### 3.    Public Interest

There has been no showing that the public will be severely affected if Zeetron is not permitted to sell its "Foldable Stand/Holder/Cradle for iPad Macbook Laptop Notebook Tablet

PC" product, or any other product that infringes the '293 and '719 Patents.  By contrast, denying

an injunction would harm the public's interest in having patent rights enforced and protected.

*Judkins*, 704 F. Supp. 2d at 478.  Moreover, the requested injunctive relief is relatively limited in

scope.  Plaintiff requests the Court to prohibit Zeetron, and its principals, officers, directors,

shareholders, employees, affiliates, agents, successors and assigns, from making, using, selling or

offering for sale within the United States, or importing into the United States, any product that

infringes any of the claims of the '293 Patent or any of the claims of the '719 Patent.  The

relatively limited scope of the requested injunction favors its issuance.  *See i4i Ltd. P'ship v.*

*Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (finding injunction's narrow scope to

"substantially mitigate[] the negative effects on the public, practically and economically" by

excluding users who purchased or licensed infringing products before the injunction's effective

date).

        *4.*     *Conclusion*

      In sum, we conclude that the permanent injunction requested by Plaintiff is appropriate in

this instance.  *See, e.g.*, *Mentor Grp., LLC*, 2010 WL 2363511, at *3 (permanently enjoining

defendant, on motion for default judgment, from making, using, selling or offering for sale

within the United States, or importing into the United States, the infringing products); *Extreme*

*Tool & Eng'g, Inc.*, 2009 WL 2948467, at *1 (granting, on motion for default judgment, a

permanent injunction prohibiting defendant from infringing the subject patent); *Rhino Assocs.,*

*L.P.*, 531 F. Supp. 2d at 657 (issuing permanent injunction on plaintiff's motion for default

judgment); *Whelan*, 2002 WL 1745614, at *7 (permanently enjoining defendant from making,

using, selling or causing to be made products that infringe the patent).  Accordingly, a permanent

injunction will be entered.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is granted.

An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**

13